FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 26, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>THOMAS CURTIS COLLUM, Sr.,<br><br>Defendants. | Nos. 2:22-CR-00168-WFN-1<br><br>ORDER FOLLOWING DETENTION REVIEW HEARING<br><br>**MOTION DENIED AS MOOT (ECF NO. 24)**<br><br>**MOTION DENIED (ECF No. 25)** |

On July 12, 2023, the Court held a detention review hearing to consider Defendant THOMAS CURTIS COLLUM SR.'s Amended Motion to Modify Conditions of Release, **ECF No. 25**. Defendant appeared while in custody with court appointed counsel David Miller. Assistant U.S. Attorney Earl Hicks represented the United States. U.S. Probation Officer Erik Carlson was also present. Defendant consented to the proceedings being conducted by video with the Court presiding in Yakima, Defendant and his counsel appearing in Spokane, and the Government appearing in Spokane.

Specifically, Defendant seeks release to Behavioral Health Systems (ABHS), an inpatient substance abuse treatment facility, to avail himself of substance abuse treatment, with continued release thereafter. ECF No. 25. Defendant, through counsel, presented the proposed release plan to inpatient

ORDER - 1

substance abuse treatment and argued there are conditions that justify reconsidering the issues of detention and that such conditions will reasonably assure Defendant's appearance as required and/or safety of any other person and the community.

The United States opposed Defendant's release plan and contended there are no conditions that can be imposed which will reasonably assure Defendant's appearance as required and/or safety of any other person and the community. The Government proffered the following: Defendant was initially contacted in relation to a supervised release arrest warrant in *United States v. Thomas Curtis Collum Sr.*, No. 2:08-CR-00137-WFN-41 at a medical facility in 2022. Defendant then agreed to turn himself in the next day to allow him to finish his medical appointment. Defendant, however, did not turn himself into custody the next day for execution of the arrest warrant. The U.S. Marshals then eventually contacted Defendant at his residence on September 30, 2022. During that contact, Defendant did not respond to numerous "call outs" from law enforcement. Law enforcement officers ultimately breached the door to Defendant's residence and arrested Defendant. During the arrest of Defendant, law enforcement officers discovered a firearm at Defendant's residence—the firearm that forms the basis for the Indictment in this case.

The Court has reviewed and considered Defendant's Amended Motion to Modify Conditions of Release, **ECF No. 25**; the Pretrial Services Report, ECF No. 7; and the arguments and proffers of Defendant and the Government. First, as an initial matter, the practical result in this case is controlled by the Court's Order in *United States v. Thomas Curtis Collum Sr.*, No. 2:08-CR-00137-WFN-41, ECF No. 3125. In that Order, the Court applied the more stringent release standard for a supervised release cases and denied Defendant's motion for release on the same

ORDER - 2

terms as proposed in this case. *Id.* Nonetheless, despite the Court's Order in *United States v. Thomas Curtis Collum Sr.*, No. 2:08-CR-00137-WFN-41, the Court has separately considered in this case: 1) the nature and circumstances of the offense charged; 2) the weight of the evidence against Defendant; 3) Defendant's history and characteristics, including character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct and history relating to alcohol and drug abuse, and also criminal history, record concerning appearance at court proceedings, and whether Defendant was under supervision at the time of the alleged offense; and, 4) the nature and seriousness of the danger to the community posed by Defendant's release. *See* 18 U.S.C. § 3142(g).

    First, the nature and circumstances of the charged offense are serious and weigh against release given that the offense is alleged to have occurred while Defendant was on supervised release and the offense involves a firearm. Second, the weight of the evidence appears to be strong, though this is the least important factor in the Court's analysis. This factor also weighs in favor of detention. Third, Defendant's history and characteristics reflect a significant criminal history that includes numerous driving offenses, obstructive conduct, eluding law enforcement, theft and possession of stolen property, perjury, and controlled substance offenses, including a serious federal conviction for which Defendant is on supervised release in *United States v. Thomas Curtis Collum Sr.*, No. 2:08-CR-00137-WFN-41. ECF No. 7 at 1-7. Defendant's criminal history also includes in excess of ten failures to appear and various failures to comply. *Id.* This factor also weighs in favor of detention. Finally, the nature and seriousness of the danger to the community posed by Defendant's release appears substantial given Defendant's recent failures to comply with law enforcement and possession of a firearm while on supervised

ORDER - 3

release, as well as Defendant's history of eluding and resisting law enforcement. This factor also weighs heavily in favor of detention.

Ultimately, while the Court is hopeful that Defendant's interest in substance abuse treatment signals a desire for positive change, on the current record before the Court, Defendant's motion must be denied. Based on the foregoing, for all the reasons set forth in this Order and during the hearing, the Court finds by a preponderance of the evidence that no condition or combination of conditions will reasonably assure Defendant's appearance at future proceedings and by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of other persons or the community if Defendant is released to a non-custodial inpatient substance abuse treatment facility.

**IT IS ORDERED:**

1. The Defendant's Amended Motion to Modify Conditions of Release, **ECF No. 25,** is **DENIED**. Defendant shall be held in detention pending disposition of this case or until further order of the Court.

2. Defendant's Motion to Modify Conditions of Release, **ECF No. 24**, is **DENIED as MOOT**.

3. Defendant is committed to the custody of the U.S. Marshal for confinement separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

4. Defendant shall be afforded reasonable opportunity for private consultation with counsel.

5. If a party seeks reconsideration of Defendant's detention before this Court because of material and newly discovered circumstances pursuant to 18 U.S.C. § 3142(f), any such motion shall be a maximum of four-pages in length and shall succinctly state what circumstances are new, how they are established, and

ORDER - 4

the requested change in conditions of release.  The motion shall indicate whether opposing counsel; United States Probation/Pretrial Services; or another party with a substantial interest in the motion objects, whether a hearing is desired, and whether a supplemental pretrial services report is requested.  If the moving party, after the exercise of due diligence, is unable to determine the position of any party listed above, the moving party may in the alternative document the date; time; and manner of each effort made to determine that party's position and request the Court treat the motion as expedited and submitted without argument.  **Motions in Yakima and Spokane cases shall be heard on the following Wednesday docket**, **and Richland cases shall be heard on the following Thursday docket.**  If the Court determines that oral argument is unnecessary on the motion, the motion shall be set for decision on the Court's 6:30 p.m. docket.

6. If a party desires that another court review this Order pursuant to 18 U.S.C. § 3145, that party shall immediately notify the Magistrate Judge and opposing counsel.  LCrR 46(k)(1).  The party shall then promptly file a motion for review before the assigned District Judge.  LCrR 46(k)(3).  If the case has not yet been assigned to a District Judge, or the assigned District Judge is unavailable, the motion shall be noted for hearing before the Chief District Judge.  *Id*.

**IT IS SO ORDERED.**

DATED July 26, 2023.



_____
JAMES A. GOEKE
UNITED STATES MAGISTRATE JUDGE

ORDER - 5